Case 3:16-cv-00315-SI    Document 49    Filed 12/19/16    Page 1 of 6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **FATHERS & DAUGHTERS NEVADA, LLC.**,<br><br>        Plaintiff,<br><br>    v.<br><br>**SABRINA LEONARD**,<br><br>        Defendant. | Case No. 6:16-cv-315-SI<br><br>**OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

      Plaintiff Fathers & Daughters Nevada, LLC brings this action against Defendant Sabrina Leonard. Plaintiff alleges that Defendant copied and distributed Plaintiff's motion picture *Fathers & Daughters* through a public BitTorrent network in violation of Plaintiff's exclusive rights under the Copyright Act. Before the Court is Plaintiff's motion for entry of default judgment under Federal Rule of Civil Procedure 55(b). For the following reasons, the Court grants Plaintiff's motion, and will enter a default judgment against Defendant in the amount of $1,500, along with injunctive relief.

**STANDARDS**

Under Federal Rule of Civil Procedure 55(a), the Clerk of the Court is required to enter an order of default if a party against whom affirmative relief is sought fails timely to answer or otherwise defend an action. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Upon the entry of default, the Court accepts "the well-pleaded factual allegations" of the complaint "as true." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (quoting *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992)); *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The court, however, does not accept as admitted facts that are not well-pleaded, conclusions of law, or facts relating to the amount of damages. *DIRECTV*, 503 F.3d at 854; *Geddes*, 559 F.2d at 560; *see also Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) ("'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" (quoting *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987))).

After default has been entered against a defendant, a court may enter a default judgment against that defendant. *See* Fed. R. Civ. P. 55(b). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011) (noting that a district's court decision whether to enter a default judgment is reviewed for abuse of discretion). In *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit set out factors to guide a district court's consideration of whether to enter a default judgment. *See DIRECTV* , 503 F.3d at 852 (noting that *Eitel* "set[] out factors to guide district court's determination regarding the appropriateness of granting a default judgment").

PAGE 2 – OPINION AND ORDER

The Ninth Circuit in *Eitel* held:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72 (punctuation in original). The "starting point" of the court's analysis, however, "is the general rule that default judgments are ordinarily disfavored." *Id.* at 1472.

## BACKGROUND

Beginning in 2014, counsel for Plaintiff has filed hundreds of cases in this District asserting that Doe defendants, originally identified only by their Internet Protocol ("IP") addresses, violated the Copyright Act by downloading movies on the internet using a peer-to-peer BitTorrent file sharing protocol. On February 1, 2016, Plaintiff filed its complaint in this case, identifying numerous defendants IP addresses as persons who illegally downloaded *Fathers & Daughters* using the BitTorrent network. After the Court granted Plaintiff's motion to subpoena the defendants' internet service provider, Plaintiff identified Joshua Kimber as the subscriber associated with the infringing IP address 71.236.241.226. On March 21, 2015, Defendant telephoned Plaintiff's counsel, confirmed that she was the party who downloaded and distributed Plaintiff's motion picture, and confirmed her current address. After this telephone conversation, Defendant ceased all communications with Plaintiff's counsel.

On May 19, 2016, Plaintiff filed a motion to sever all defendants except for Doe 71.236.241.226. On May 26, 2016, Plaintiff filed an amended complaint, naming Sabrina Leonard as the defendant. On June 30, 2016, the Court appointed pro bono counsel to represent

Defendant. Defendant did not respond to several letters and telephone calls from appointed counsel and on August 22, 2016, counsel requested the appointment be terminated.

On September 15, 2016, Defendant was personally served with process. The Court issued an Order of Default on October 25, 2016. On November 15, 2016, Plaintiff filed a motion for default judgment. Plaintiff seeks statutory damages in the amount of at least $1,500.

## DISCUSSION

To establish a claim of copyright infringement, a "plaintiff must show ownership of the copyright and copying by the defendant." *Fox Broad. Co. v. Dish Network L.L.C.*, 747 F.3d 1060, 1066-67 (9th Cir. 2013) (quotation marks omitted). The factual allegations of Plaintiff's Amended Complaint, which the Court accepts as true upon default, establish these elements. Accordingly, a judgment of default is appropriate in this case. *See Glacier Films (USA), Inc. v. Tenorio*, 2016 WL 3766465, at *2 (D. Or. June 22, 2016); *Voltage Pictures, LLC v. Martinez*, 2015 WL 4772856, at *2 (D. Or. Aug. 11, 2015).

Under the Copyright Act, a plaintiff may elect an award of statutory damages "in a sum of not less than $750 or more than $30,000" per infringement, in lieu of an award representing actual damages. 17 U.S.C. § 504(c)(1). If a court finds the infringement to be willful, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). The court has broad discretion in setting the amount of statutory damages. *See Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001) ("If statutory damages are elected, the court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima.") (quotation marks and alteration omitted).

Plaintiff concedes that the amount of economic damages suffered as a result of Defendant's infringing activity is highly speculative and incalculable. Thus Plaintiff seeks only

PAGE 4 – OPINION AND ORDER

statutory damages. Plaintiff argues that Defendant's conduct was willful and that because she has refused to participate in the legal process, statutory damages of at least $1,500 are warranted. The Court agrees.

Defendant verbally admitted to Plaintiff's counsel that Defendant engaged in the infringing activity. The Court appointed pro bono counsel to help Defendant, and she was nonresponsive to appointed counsel. Defendant was personally served with process, and then refused to participate in this proceeding. There is no indication that Defendant changed her address or did not receive correspondence from the Court, pro bono counsel, and opposing counsel. Under these circumstances, the Court finds that the appropriate statutory damage award is $1,500. *Cf. Automata Prods., Inc. v. Spicher*, 2016 WL 4621198 (D. Or. Sept. 6, 2016) (awarding statutory damages of $1,500 where the defendant expressly admitted to the infringing behavior, was personally served, refused to participate in the lawsuit, and the plaintiff provided evidence of ongoing infringing conduct).

Plaintiff also seeks injunctive relief preventing Defendant from future infringing activity against Plaintiff's motion picture *Fathers & Daughters*. The Court agrees that this case merits injunctive relief under 17 U.S.C. §§ 502 and 503. Under these sections, the Court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." § 502(a). The Court may also "order the destruction or other reasonable disposition of all copies or phonorecords found to have been made or used in violation of the copyright owner's exclusive rights." § 503(b). Accordingly, the Court orders a permanent injunction enjoining Defendant from directly, indirectly, or contributorily infringing on Plaintiff's rights, including without limitation by using the internet to reproduce or copy Plaintiff's motion picture *Fathers & Daughters*, to distribute *Fathers & Daughters*, or to make

PAGE 5 – OPINION AND ORDER

*Fathers & Daughters* available for distribution to the public except pursuant to a lawful license or with the express authority of Plaintiff. The Court also orders Defendant to destroy all unauthorized copies of *Fathers & Daughters*.

## CONCLUSION

Plaintiff's motion for default judgment (ECF 47) is GRANTED. Defendant is ordered to (1) pay Plaintiff statutory damages of $1,500; (2) cease all activities infringing on Plaintiff's rights in the motion picture *Fathers & Daughters*; and (3) destroy all unauthorized copies of *Fathers & Daughters* in the possession of Defendant.

**IT IS SO ORDERED**.

DATED this 19th day of December, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge